CASE LOMBARDI & PETTIT
A Law Corporation

LISSA A. ANDREWS                3390
FREDERICK W. ROHLFING III      3474
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No.:  (808) 547-5400
Facsimile No.:   (808) 523-1888
landrews@caselombardi.com
frohlfing@caselombardi.com

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK,**
**SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEPHEN BROOM,<br><br>        Plaintiff<br><br>    vs.<br><br>MYDATT SERVICES, INC.; dba BLOCK BY BLOCK; SMS HOLDINGS COMPANY; BLOCK BY BLOCK, JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>        Defendants. | CIVIL NO. CV 18-00358 JMS-RT<br><br>**STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS; EXHIBIT "A"; ORDER**<br><br><br><br>Trial:      October 22, 2019<br>Judge:    Hon. J. Michael Seabright |

29637/2/3078400.1

## STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

Plaintiff STEPHEN BROOM ("Plaintiff") and Defendants MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK (collectively, "SMS Defendants"), do hereby stipulate and agree, by and through their respective undersigned counsel, that all documents, copies, and information derived therefrom, and all other documents designated as "Confidential" by either Plaintiff and/or SMS Defendants, (hereinafter referred to collectively as, "Confidential Documents"), produced during the course of the above-referenced litigation shall be subject to and governed by this Stipulated Protective Order.

"Confidential Documents" expressly includes all medical records related to Plaintiff, obtained from any source, including but not limited to hospital and clinical records, or any other medical records produced by Plaintiff or Plaintiff's health care providers.

The parties hereto agree that the following terms govern the production, use, and return of the Confidential Documents produced by Plaintiff and SMS Defendants in the above-captioned action.

1.     Plaintiff, SMS Defendants, their attorneys, (including but not limited to the attorneys' staff of paralegals, secretaries, and/or law clerks), expert(s), consultant(s), insurers, and agents thereof (hereinafter referred to as,

"Qualified Persons") are prohibited from disseminating in any manner or method the Confidential Documents produced by Plaintiff and SMS Defendants without their prior written consent or upon order of the Court as more fully provided in Paragraph 7 herein below, except that these Qualified Persons may distribute and/or disseminate the Confidential Documents among each other and that these Confidential Documents and/or their contents may be disclosed to these Qualified Persons.

2.      No person shall be permitted to examine any Confidential Document or other material containing information discovered from the Confidential Documents, unless such person has complied in full with the provisions of Paragraph 5, *infra*. However, this requirement shall not apply to the Qualified Persons, the court, court personnel, court reporters selected by the parties, arbitrator, and any mediator mutually selected and agreed to by the parties.

3.      The Confidential Documents, together with all information in whatever form discovered from examination of the Confidential Documents, shall be used only in connection with this action and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

4.      No person who examines any Confidential Document produced pursuant to this Stipulated Protective Order shall disseminate orally, in writing, or by any other means, information concerning the Confidential Documents to any

person not also authorized to examine Confidential Documents as provided by the terms of this Stipulated Protective Order.

5.      Nothing herein shall prevent any party from showing a Confidential Document to a witness during the course of questioning at a deposition, hearing, or trial, nor prevent any party from asking a question which incorporates confidential information during the course of a deposition, hearing, or trial. It is the responsibility of the party offering the Confidential Document or confidential information to inform the witness that the information disclosed during the proceeding is (a) confidential, (b) governed by a protective order, and (c) that the confidential information should not be disseminated or otherwise communicated beyond the confines of the proceeding, as more fully provided in Paragraph 7 herein below.

6.      No witness shall be permitted to leave the proceeding with a Confidential Document or material containing confidential information discovered from a Confidential Document(s).

7.      No person who examines any Confidential Document produced pursuant to this Stipulated Protective Order, other than the Qualified Persons listed in Paragraph 1, *infra*, shall be permitted to disclose, by any means whatsoever, any portion of any Confidential Document until the person to whom disclosure is to be made has:

      a.      Read this Stipulated Protective Order in its entirety, and

b.      Signed a Certification in the form attached hereto as Exhibit "A", agreeing to abide by the conditions of this Stipulated Protective Order.

c.      In the event that a party wishes to disclose Confidential Documents (or the information they contain) to a witness during the course of questioning at a deposition, hearing, or trial, and the witness refuses to sign an acknowledgment agreeing to abide by the terms of this Stipulated Protective Order, then that party may move the court for an exception to this Stipulated Protective Order. An exception shall be granted upon a showing of good cause, and nothing herein should be construed to bar such exceptions.

8.      All Confidential Documents which a party seeks to file under seal shall be submitted to the Court pursuant to Rule 83.12 of the Rules of the United States District Court for the District of Hawaii.

9.      Counsel for the parties shall maintain a written list of the names of all persons to whom confidential information has been disclosed and such list shall be furnished to opposing counsel on written demand thereof.

10.     This Stipulated Protective Order shall not be construed as a determination of the admissibility in evidence of any of the protected information or documents nor shall it be considered as a waiver by any party of any of its objections to the admissibility in evidence of the protected information or documents or any

portion thereof. This Stipulated Protective Order is intended solely to provide for the confidentiality of the information disclosed.

11.    If the parties are unable to agree as to whether any information disclosed should be included within the protected information, the information in question shall be submitted to the Court for *in camera* review and ruling. The parties agree to abide by the ruling of the Court and, in the meantime, shall treat any information as to which there is a dispute as if it was covered by this Stipulated Protective Order.

12.    This stipulation shall be submitted to the Court with a request for an order approving its terms. Prior to the entry of the order, or if the Court should refuse to enter such an order, the parties hereto and their counsel agree to abide by its terms as though the order had been entered.

13.    Any party may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be deemed to prejudice any party's rights to seek modification.

14.    All Confidential Documents that are governed by this Stipulated Protective Order and which are in the custody or possession of Plaintiff, SMS Defendants, their attorneys, expert(s), consultant(s), insurers, or agents thereof shall be returned to Plaintiff and SMS Defendants within thirty (30) days after this action is dismissed or after entry of judgment.

15.     This agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.


DATED:  February 1, 2019          /s/ *Michael P. Healy*
                                 CHARLES H. BROWER
                                 MICHAEL P. HEALY

                                 Attorneys for Plaintiff
                                 **STEPHEN BROOM**


DATED:  February 1, 2019          /s/ *Frederick W. Rohlfing III*
                                 LISSA H. ANDREWS
                                 FREDERICK W. ROHLFING III

                                 Attorneys for Defendants
                                 **MYDATT SERVICES, INC., dba
                                 BLOCK BY BLOCK, SMS
                                 HOLDINGS COMPANY, and
                                 BLOCK BY BLOCK**


APPROVED AND SO ORDERED:


DATED:  Honolulu, Hawaii, February 5, 2019.

  /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge



STEPHEN BROOM vs. MYDATT SERVICES, INC., et. al.; CIVIL NO. 18-00358 JMS-RT,
STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF
DOCUMENTS AND MATERIALS

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____ in *Stephen Broom v. Mydatt Services, Inc.; dba Block By Block, et al.*, Civil No. CV 18-00358 JMS-RT. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcription made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED: _____.

## EXHIBIT "A"