CASE LOMBARDI & PETTIT
A Law Corporation

LISSA A. ANDREWS                          3390
FREDERICK W. ROHLFING III    3474
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No.:  (808) 547-5400
Facsimile No.:   (808) 523-1888
landrews@caselombardi.com
frohlfing@caselombardi.com

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK,
SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEPHEN BROOM,<br><br>            Plaintiff<br><br>     vs.<br><br>MYDATT SERVICES, INC.; dba BLOCK BY BLOCK; SMS HOLDINGS COMPANY; BLOCK BY BLOCK, JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>            Defendants. | CIVIL NO. CV 18-00358 JMS-RT<br><br>**DEFENDANTS MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY, AND BLOCK BY BLOCK'S REPLY MEMORANDUM TO PLAINTIFF STEPHEN BROOM'S MEMORANDUM IN OPPOSITION TO DEFENDANT MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR,**<br><br>*[Caption Continued on Next Page]* |

29637/2/3089166.1

|  | ALTERNATIVELY, TO STAY PROCEEDINGS PENDING ARBITRATION [DKT. 19]; SUPPLEMENTAL DECLARATION OF SCOTT McCLISH; EXHIBITS 5 - 8; CERTIFICATE OF SERVICE <br><br> <u>HEARING</u>: <br><br> Date:   March 11, 2019 <br> Time:   10:00 a.m. <br> Judge:  The Honorable J. Michael Seabright <br><br> Trial Date: October 22, 2019 |

**DEFENDANTS MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY, AND BLOCK BY BLOCK'S REPLY MEMORANDUM TO PLAINTIFF STEPHEN BROOM'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY, AND BLOCK BY BLOCK'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR, ALTERNATIVELY, <u>TO STAY PROCEEDINGS PENDING ARBITRATION [DKT. 19]</u>**

Defendants MYDATT SERVICES, INC., dba BLOCK BY BLOCK ("Mydatt"), SMS HOLDINGS COMPANY ("SMS"), and BLOCK BY BLOCK (collectively, "SMS Defendants"), by and through their attorneys, Case Lombardi & Pettit, submit their Reply Memorandum to Plaintiff Stephen Broom's Opposition to Defendants Mydatt Services, Inc., dba Block by Block, SMS Holdings Company,

and Block by Block's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration [DKT. 19] ("Opposition").

## I.   INTRODUCTION

In his Opposition, Plaintiff STEPHEN BROOM ("Plaintiff" or "Broom") makes two arguments. First, he contends that Defendant Mydatt's alleged "use of such fine print in the Arbitration Agreement suggests that it employed the . . . tactic [of] . . . hiding documents through the use of fine print."[1] Second, that requiring Broom "to share in the costs of arbitration, considering his financial situation, makes Defendant's Arbitration Agreement 'unconscionable' and unenforceable."[2]

Defendant Mydatt's response is 1) it did not hide the Arbitration Agreement through the use of fine print; and 2) the costs of the arbitration required by the Arbitration Agreement to which Broom agreed do not make the Arbitration Agreement unconscionable. The Arbitration Agreement is therefore enforceable against Broom.[3]

---

[1] Opposition, p. 6.
[2] Opposition, p. 7.
[3] SMS Defendants also object to the untimely filing of Broom's Opposition. "An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing." LR 7.4. The date of the hearing is March 11, 2019. Twenty-one days prior to the date of the hearing was therefore February 18, 2019. Broom's Opposition, however, was filed on February 19, 2019, and is therefore untimely.

## II.     ARGUMENT

### A.     The Arbitration Agreement was not hidden from Broom.

Broom concedes: "In the later part of 2015, Plaintiff completed an on-line application process to work for Defendant. As part of this process, Plaintiff was required to complete various forms on-line."[4] Defendant Mydatt's online employment application process is described in detail in the Declaration of Scott ("McClish Declaration") attached to Defendants Mydatt Services, Inc., dba Block by Block, SMS Holdings Company, and Block by Block's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration [DKT. 14] ("Motion to Compel").[5]

Additional detail regarding the online employment application process refuting the spurious "fine print" allegation made in the Opposition is provided in the Supplemental Declaration of Scott McClish ("Supplemental McClish Declaration") filed herewith. After accepting the Application Statement in the job application process utilizing the OnBoarding database, the candidate for employment is directed to an Arbitration Agreement page, which directs the

---

[4]   Opposition, p. 4.
[5]   See also Exhibit A to "Errata to [14] Defendants Mydatt Services, Inc., dba Block By Block, SMS Holdings Company, and Block By Block's Motion to Compel Arbitration and to Dismiss Or, Alternatively, to Stay Proceedings Pending Arbitration" filed February 6, 2019, correcting Exhibit 2 to the Motion to Compel.

candidate to read "the following document."[6] Exhibit 5 is a color copy of a screenshot of the Arbitration Agreement page.[7] The boxed language clearly states:

> **Arbitration Agreement**
>
> The following document explains the Arbitration Agreement.
>
> Please read and consent to the following document.

Exhibit 5 (emphasis in original).

If the candidate then clicks on the "Continue" button on the Arbitration Agreement page, the following screen is a document that includes the full text of the Arbitration Agreement, as can be seen in Exhibit 6 hereto, which is a color copy of a screenshot of the full text of the Arbitration Agreement page.[8] The size of the print of this page (particularly in light of the fact that Exhibit 6 is about 14% smaller than the size of the full text page of the Arbitration Agreement as it appears on a computer screen[9]) refutes Broom's spurious "fine print" allegation.[10]

---

[6] Supplemental McClish Declaration at ¶ 4. McClish notes further: "The screenshot of the full text of the Arbitration Agreement page is about 14% smaller in size than the size of the full text page of the Arbitration Agreement as it appears on my computer screen." *Id*.

[7] *Id*.

[8] Supplemental McClish Declaration at ¶ 5. McClish notes further: "The screenshot of the full text of the Arbitration Agreement page is about 14% smaller in size than the size of the full text page of the Arbitration Agreement as it appears on my computer screen." *Id*.

[9] *Id*.

[10] SMS Defendants also note further that the process of scanning exhibits for electronic filing with the Court caused shrinkage in the size of the type in the

Moreover, in order for the candidate to proceed further with the employment application process, at the conclusion of the full text of the Arbitration Agreement page screen, the candidate must electronically sign the Arbitration Agreement by clicking on a button indicating "I have read and accept the terms of this agreement."[11] The alternative to clicking the button stating "I have read and accept the terms of this agreement" is to click the button stating "I have read and do not accept the terms of this agreement."[12] If the candidate clicks the button stating "I have read and do not accept the terms of this agreement," however, the candidate cannot proceed any further with the online application process.[13]

If the candidate clicks on the "Continue" button on the full text of the Arbitration Agreement page <u>without</u> having previously clicked on the button stating "I have read and accept the terms of this agreement" or the button stating "I have read and do not accept the terms of this agreement," a notice appears on lower right hand side of the full text page stating "**No Selection** You must either Accept or Decline the Arbitration Agreement before you can continue" (emphasis in

---

exhibits attached to the Motion to Compel. SMS Defendants have therefore lodged a hard-copy of this Reply Memorandum, the McClish Supplemental Declaration, and Exhibits 5 - 8 with the Clerk's Office for the Court's reference, with copies delivered to Plaintiff's counsel.
[11] Supplemental McClish Declaration at ¶ 6.
[12] *Id.* at ¶ 7.
[13] *Id.*

original).[14] If the candidate clicks on the "Print" link in the upper right hand corner of the full text of the Arbitration Agreement page, the Arbitration Agreement can be printed out by the candidate.[15]

The Arbitration Agreement therefore meets the three elements of validity under Hawaii law, in that (1) it is in writing, (2) it is "unambiguous as to the intent to submit disputes or controversies to arbitration," and (3) there is bilateral consideration. (Paraphrasing *Douglass v. Pflueger Hawaii, Inc.*, 110 Haw. 520, 531, 135 P.2d 129, 140 (2006).)

Broom does not have any valid procedural defenses to enforcement of the Arbitration Agreement. There is no evidence that Defendant Mydatt "employed deceptive or high-pressured tactics or hid the documents through the use of fine print." (Paraphrasing *S. Glazer's Wine & Spirits, LLC v. Denyer*, No. CV 17-00407 JMS-RLP, 2017 WL 6417810, at *8 (D. Haw. Dec. 15, 2017).)

Broom's further contention that he does "not recall reading, or acknowledging having read, any Arbitration Agreement4."[16] is also not a valid defense. "The general rule of contract law is that one who assents to a contract is bound by it and cannot complain that he has not read it or did not know what it contained."

---

[14]  *Id.* at ¶ 8 and Exhibit 7.
[15]  *Id.* at ¶ 9 and Exhibit 8.
[16]  Declaration of Stephen Broom ("Broom Declaration") at ¶ 3.

*Leong by Leong v. Kaiser Found. Hosps.*, 71 Haw. 240, 245, 788 P.2d 164, 168 (1990).

    **B.    The costs of the arbitration do not make the Arbitration Agreement unconscionable.**

Broom contends that "requiring him to share in the costs or arbitration, considering his financial situation, makes Defendant's Arbitration Agreement 'unscionable' and unenforceable."[17] Broom states that he is currently "collecting worker's compensation benefits of $1,060.00 every two weeks."[18] Broom quotes the Arbitration Agreement provision stating: "The AAA Rules will govern the allocation of costs between the parties and the course of the proceedings unless otherwise agreed."[19] Broom then asserts in pertinent part, <u>without any reference to any evidence in the record</u>, that "AAA requires cost and fee splitting between the parties."[20] Like the plaintiff in *S. Glazer's Wine & Spirits*, Broom "does not provide any estimate of the expected arbitration costs." *Id*. at *9. Broom has therefore failed to provide facts from which a court could determine that the AAA Rules will require him to pay administrative fees that would be substantively unconscionable. Thus, as with the plaintiff in *S. Glazer's Wine & Spirits*, Broom "fails to establish a meritorious defense to the enforceability of the arbitration agreement." *Id*.

---

[17]  Opposition, p. 7.
[18]  Broom Declaration at ¶ 4.
[19]  *Id*.
[20]  *Id*.

## III. CONCLUSION

For the foregoing reasons, SMS Defendants respectfully request that the Court enter an order compelling arbitration of all of Broom's claims against SMS Defendants and to dismiss Broom's claims or, alternatively, to order the above-captioned case stayed pending arbitration.

DATED: Honolulu, Hawai'i; February 25, 2019.

                        /s/ *Frederick W. Rohlfing III*
                        LISSA H. ANDREWS
                        FREDERICK W. ROHLFING III

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**