IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEPHEN BROOM,<br><br>　　　　　Plaintiff<br><br>　　vs.<br><br>MYDATT SERVICES, INC.; dba BLOCK BY BLOCK; SMS HOLDINGS COMPANY; BLOCK BY BLOCK, JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>　　　　　Defendants. | CIVIL NO. CV 18-00358 JMS-RT<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

Defendants MYDATT SERVICES, INC., dba BLOCK BY BLOCK ("the Company"), SMS HOLDINGS COMPANY ("SMS"), and BLOCK BY BLOCK (collectively, "SMS Defendants"),[1] have moved this Honorable Court for

---

[1] "Block by Block" is a registered trade name of the Company and therefore the Company and Block by Block are the same entity and will be referred to hereafter as "the Company" or "Block by Block." Also, the correct spelling of SMS is "SMS Holdings Corporation." See ECF No. [6] at 1 (Defendants Mydatt

leave to amend their Answer to Complaint filed September 26, 2018, as ECF No. [6] ("Answer"). This Motion for Leave to File First Amended Answer to Complaint is timely filed pursuant to the Rule 16 Scheduling Order in this matter filed November 22, 2018, as ECF No. [11], which set the deadline for motions to join additional parties or to amend pleading as March 22, 2019.

SMS Defendants seek to amend their Answer only to add additional affirmative defenses. Aside from the changes to denominate the First Amended Answer in the caption, etc., the only substantive amendments are contained within paragraphs 26 – 29 on pages 7 – 8 of the First Amended Answer, comprising the Eighteenth, Nineteenth, Twentieth, and Twenty-First Defenses.

With regard to the Twenty-First Defense in SMS Defendants' proposed First Amended Answer, Plaintiff's sole legal basis stated for his claim is H.R.S. § 378-62. Plaintiff alleges in pertinent part: "The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial." Complaint, ¶ 15. H.R.S. § 378-62 provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's

---

Services, Inc., dba Block by Block, SMS Holdings Company, and Block by Block's Answer To Complaint Filed March 22, 2018); ECF No. [4] at 2 (Defendants Mydatt Services, Inc., dba Block by Block, SMS Holdings Company, and Block by Block's Corporate Disclosure Statement).

compensation, terms, conditions, location, or privileges of employment because:

(1) The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:

(A) A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States; or

(B) A contract executed by the State, a political subdivision of the State, or the United States,

unless the employee knows that the report is false; or

(2) An employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

The Hawaii Supreme Court has held that "[i]n order for an employee to prevail under the HWPA, however, the employer's challenged action must have been taken 'because' the employee engaged in protected conduct in order to be considered 'discriminat[ory]' under the HWPA." *Crosby v. State Dept. of Budget & Fin.*, 76 Hawai`i 332, 342, 876 P.2d 1300, 1310 (1994), cert. denied, 513 U.S. 1081.

The U.S. District Court for the District of Hawaii has held in pertinent part:

> Thus, the causal connection requirement under the HWPA has two stages of proving or negating the causation between the protected conduct and the employee's termination. First, the employee must make a prima facie showing "that his or her protected conduct was a 'substantial or motivating factor' in the

decision to terminate the employee." . . . Second, once the employee makes its prima facie showing, the employer must then "'defend affirmatively by showing that the termination would have occurred regardless of the protected activity.'"

*Griffin v. JTSI, Inc.*, 654 F. Supp. 2d 1122, 1131–32 (D. Haw. 2008) (citations and footnote omitted).

It is the Plaintiff's burden at trial to prove his allegation that he "was retaliated against by being terminated on March 22, 2016, for reporting the aforesaid violations of the law to management" (Complaint, ¶ 9) because showing "'that his . . . protected conduct was a "substantial or motivating factor" in the decision to terminate the employee'" is part of Plaintiff's prima facie case. *Griffin at* 1131-32 (citations and footnote omitted). SMS Defendants have <u>denied</u> Plaintiff's allegation. Answer, ¶ 8.

Even if Plaintiff were to make a prima facie showing at trial, however, SMS Defendants are permitted to "'defend affirmatively by showing that the termination would have occurred regardless of the protected activity.'" *Griffin at* 1132 (citations and footnote omitted). SMS Defendants therefore seek to add the following affirmative defense:

### **<u>TWENTY-FIRST DEFENSE</u>**

29. SMS Defendants assert the affirmative defenses of no adverse employment action and that the termination of Plaintiff's employment would have occurred regardless of any protected activity.

With regard to the Eighteenth Defense in SMS Defendants' proposed First Amended Answer, it is Plaintiff's burden to show that he reported or was about to report to Defendant Mydatt or "to a public body, verbally or in writing, a violation or a suspected violation of . . . [a] law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States." The Eighteenth Defense states:

### EIGHTEENTH DEFENSE

26. SMS Defendants assert the defense that no law, rule, ordinance, or regulation adopted pursuant to law of the State of Hawaii, a political subdivision of the State of Hawaii, or the United States require employers to allow employees to take "a lunch break and other breaks when they were working eight (8) hours shifts" as alleged in numbered paragraph 7 of the Complaint.

Without a violation or a suspected violation of a law, rule, ordinance, or regulation, adopted pursuant to law of the State of Hawaii, a political subdivision of the State of Hawaii, or the United States, Plaintiff cannot recover under H.R.S. § 378-62.

With regard to the Nineteenth and Twentieth Defenses in SMS Defendants' proposed First Amended Answer, H.R.S. § 378-62(1) also provides the basis for the affirmative defense that the employee "knows that the report is false." SMS Defendants' First Amended Answer therefore adds as the Nineteenth and Twentieth Defenses the following:

## NINETEENTH DEFENSE

27. SMS Defendants assert the affirmative defense that Plaintiff knew the report alleged in numbered paragraph 7 of the Complaint, that he "told his managers and supervisors that they were violating employment law by not allowing employees, including Plaintiff a lunch break and other breaks when they were working eight (8) hour shifts," was false when made.

## TWENTIETH DEFENSE

28. SMS Defendants assert the affirmative defense that Plaintiff knew the report alleged in numbered paragraph 8 of the Complaint, that he "also reported to management that a supervisor was having sex with prostitutes in the company office and using drugs in the company office," was false when made.

## II.    LEGAL STANDARD AND ARGUMENT

SMS Defendants timely seek leave to amend their Answer to Complaint pursuant to Fed. R. Civ. P. ("FRCP") 15, "Amended and Supplemental Pleadings" which provides in section (a)(2) that after time has run to amend as a matter of course: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Ninth Circuit Court of Appeals has held that the policy of "freely" permitting a party to amend pursuant to Rule 15(a)(2) "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). Under *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court

offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

As to the first factor listed above, undue delay, SMS Defendants timely bring this Motion for Leave to File First Amended Complaint within the deadline set by the Rule 16 Scheduling Order filed on November 22, 2018, for this case. As such, there has been no undue delay by SMS Defendants in seeking to amend their Answer.

With regard to the next factor, whether there is a bad faith or dilatory motive for amendment, SMS Defendants has no bad faith or dilatory motive by bringing this Motion for Leave to File First Amended Answer to Complaint. SMS Defendants seeks to clearly set forth the affirmative defenses upon which they are relying in this case. As such, there is no bad faith or dilatory motive for SMS Defendants to file their First Amended Answer.

The next *Foman* factor, repeated failure to cure deficiencies by amendments previously allowed, is not relevant here. No previous amendments to their Answer to Complaint have been sought by SMS Defendants.

The next factor under *Foman* is whether there will be any undue prejudice to any opposing party by virtue of allowance of the amendment. SMS Defendants' specific responses to the allegations of the Complaint remain the same. Pursuant to the Rule 16 Scheduling Order filed on November 22, 2018, the deadline for dispositive motions is May 22, 2019, the deadline for any hearing on a discovery motion is July 24, 2019, the deadline for non-dispositive motions is July 24, 2019, and the discovery deadline is August 23, 2019. As a result, the Plaintiff will not be prejudiced in terms of discovery or motions by allowing the limited amendment of the Answer by SMS Defendants.

The last *Foman* factor, whether the amendment sought is futile, is simply not relevant to the amendment that SMS Defendants seeks, since SMS Defendants brings this Motion for Leave to File First Amended Answer to Complaint within the deadline set by the Rule 16 Scheduling Order filed on November 22, 2018, and the additional affirmative defenses are properly raised.

Consideration of all the relevant *Foman* factors, above, taken individually and as a whole, demonstrate that SMS Defendants' proposed amendment to their Answer has not been unduly delayed and does not pose undue prejudice to the Plaintiff by virtue of allowance of the amendment. Moreover, FRCP 15(a)(2) requires such amendment to be "freely" given "when justice so requires" and the Ninth Circuit directs that this be applied "with extreme liberality." *Eminence*

*Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). As a result, this Court is respectfully requested to grant SMS Defendants leave to file their First Amended Answer.

## V.     CONCLUSION

Based on the foregoing and pursuant to FRCP Rule 15(a)(2), SMS Defendants' respectfully request that the Court grant SMS Defendants' Motion for Leave to File First Amended Answer to Complaint in the form attached as Exhibit A.

DATED:     Honolulu, Hawaii, March 22, 2019.

    /s/ *Frederick W. Rohlfing III*
LISSA H. ANDREWS
FREDERICK W. ROHLFING

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**