CASE LOMBARDI & PETTIT
A Law Corporation

LISSA A. ANDREWS           3390
FREDERICK W. ROHLFING III  3474
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No.:  (808) 547-5400
Facsimile No.:   (808) 523-1888
landrews@caselombardi.com
frohlfing@caselombardi.com

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK,
SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STEPHEN BROOM,<br><br>    Plaintiff<br><br>    vs.<br><br>MYDATT SERVICES, INC.; dba BLOCK BY BLOCK; SMS HOLDINGS COMPANY; BLOCK BY BLOCK, JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>    Defendants. | CIVIL NO. CV 18-00358 JMS-KSC<br><br>**DEFENDANTS MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK'S FIRST AMENDED ANSWER TO COMPLAINT FILED MARCH 22, 2018** |

**EXHIBIT A**

**DEFENDANTS MYDATT SERVICES, INC., dba BLOCK BY BLOCK,
SMS HOLDINGS COMPANY, and BLOCK BY BLOCK'S
FIRST AMENDED ANSWER TO COMPLAINT FILED MARCH 22, 2018**

Defendants MYDATT SERVICES, INC., dba BLOCK BY BLOCK ("Mydatt"), SMS HOLDINGS COMPANY, and BLOCK BY BLOCK (collectively, "SMS Defendants"), by and through their attorneys, Case Lombardi & Pettit, A Law Corporation, affirmatively state that "BLOCK BY BLOCK" is a registered trade name of Defendant Mydatt and therefore Defendant Mydatt and Defendant BLOCK BY BLOCK are the same entity and will be referred to hereafter as "Mydatt," and that the correct spelling of the parent corporation of Mydatt is "SMS HOLDINGS CORPORATION" ("SMS"). SMS Defendants hereby file their first amended answer to the Complaint filed by Plaintiff STEPHEN BROOM ("Plaintiff") in this case on March 22, 2018, as follows:

**FIRST DEFENSE**

1.  The Complaint fails to state a claim against SMS Defendants upon which relief can be granted.

**SECOND DEFENSE**

2.  With regard to the allegations contained in numbered paragraph 1 of the Complaint, SMS Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and on that basis deny the allegations.

3. With regard to the allegations contained in numbered paragraph 2 of the Complaint, SMS Defendants admit that Defendant Mydatt is an Ohio corporation, admit that BLOCK BY BLOCK is a registered trade name of Defendant Mydatt, admit that Defendant Mydatt does business as BLOCK BY BLOCK, deny that Defendant Mydatt has "a principal place of business in the City and County of Honolulu, State of Hawaii," and deny all allegations contained in numbered paragraph 2 of the Complaint not specifically admitted herein.

4. With regard to the allegations contained in numbered paragraph 3 of the Complaint, SMS Defendants deny that Defendant SMS is an Ohio corporation, deny that Defendant SMS has "a principal place of business in the City and County of Honolulu, State of Hawaii," and deny all allegations contained in numbered paragraph 3 of the Complaint not specifically admitted herein.

5. With regard to the allegations contained in numbered paragraph 4 of the Complaint, SMS Defendants affirmatively state that "BLOCK BY BLOCK" is a registered trade name of Defendant Mydatt, admit that Defendant Mydatt does business in Honolulu, deny that Defendant Mydatt's principal place of business is in the State of Hawaii, and deny all allegations contained in numbered paragraph 4 of the Complaint not specifically admitted herein.

6. With regard to the allegations contained in numbered paragraph 5 of the Complaint, SMS Defendants deny that SMS Defendants are liable in any way

to Plaintiff for any alleged losses sustained by Plaintiff, deny that the conduct of any of the SMS Defendants coincided and/or concurred with that of any other Defendant, named or unnamed, and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in numbered paragraph 5 of the Complaint and on that basis deny the allegations.

7. With regard to the allegations contained in numbered paragraph 6 of the Complaint, SMS Defendants admit that Defendant Mydatt hired Plaintiff as a Safety and Hospitality Ambassador, admit that Plaintiff's employment was terminated, affirmatively state Plaintiff's employment was terminated effective March 13, 2016, deny that Plaintiff was "terminated from his position in retaliation for Plaintiff's reports of violations of law by his supervisors," and deny all allegations contained in numbered paragraph 6 of the Complaint not specifically admitted herein.

8. SMS Defendants deny the allegations contained in numbered paragraphs 7, 8, 9, 10, 11, 12, 13, and 15 of the Complaint.

9. With regard to the allegations contained in numbered paragraph 14 of the Complaint, SMS Defendants repeat and incorporate by reference the responses to the referenced allegations set forth herein.

10. SMS Defendants deny each and every allegation of the Complaint not specifically admitted herein.

### THIRD DEFENSE

11. SMS Defendants has not violated any contractual, constitutional, statutory, regulatory or common law duty owed to Plaintiff.

### FOURTH DEFENSE

12. Plaintiff acknowledged in writing that he received Defendant Mydatt's Employee Handbook, that he understood that it was his responsibility to read and comply with the policies contained in the Employee Handbook, and that he had received and read Section 704 Attendance Point System in the Employee Handbook, however Plaintiff's conduct was not in compliance with the Section 704 Attendance Point System in the Employee Handbook.

### FIFTH DEFENSE

13. Plaintiff's claims are barred by the doctrines of waiver, estoppel, acceptance, acquiescence, agreement, acknowledgment, unclean hands and ratification.

### SIXTH DEFENSE

14. SMS Defendants intends to rely on the defense that Plaintiff was an at will employee.

## SEVENTH DEFENSE

15. SMS Defendants' conduct at all relevant times did not constitute gross negligence or willful misconduct.

## EIGHTH DEFENSE

16. Plaintiff's claims are barred by his failure to exhaust administrative remedies.

## NINTH DEFENSE

17. Plaintiff's claims are frivolous, unreasonable, meritless, vexatious and brought in bad faith.

## TENTH DEFENSE

18. Plaintiff's claims must be arbitrated due to the presence of a mandatory, binding Arbitration Agreement between SMS Defendants and Plaintiff.

## ELEVENTH DEFENSE

19. Plaintiff's claim that he suffered emotional distress is barred by the exclusivity provision of the Hawaii Workers' Compensation Law, Haw. Rev. Stat. § 386-5.

## TWELFTH DEFENSE

20. SMS Defendants is not liable for exemplary or punitive damages because it did not commit any knowing, willful, intentional or malicious acts

towards Plaintiff.

### THIRTEENTH DEFENSE

21. SMS Defendants' conduct was not intentional, reckless, unreasonable or outrageous and Plaintiff cannot sustain his claim for intentional infliction of emotional distress.

### FOURTEENTH DEFENSE

22. SMS Defendants intend to rely on the same actor inference as a defense to Plaintiff's claims.

### FIFTEENTH DEFENSE

23. SMS Defendants' actions do not contravene the letter or purpose of a constitutional, statutory or regulatory provision or scheme.

### SIXTEENTH DEFENSE

24. Plaintiff's claims are barred because he did not make any complaint to management about the workplace and management of Defendant Mydatt's Waikiki program during his employment with Defendant Mydatt. Defendant Mydatt only learned of Plaintiff's claims of reports regarding the workplace and management on or about April 3, 2016, when Defendant Mydatt received an e-mail message from Plaintiff.

## SEVENTEENTH DEFENSE

25. Plaintiff's claims are barred by the statute of limitations and/or laches.

## EIGHTEENTH DEFENSE

26. SMS Defendants assert the defense that no law, rule, ordinance, or regulation adopted pursuant to law of the State of Hawaii, a political subdivision of the State of Hawaii, or the United States require employers to allow employees to take "a lunch break and other breaks when they were working eight (8) hour shifts" as alleged in numbered paragraph 7 of the Complaint.

## NINETEENTH DEFENSE

27. SMS Defendants assert the affirmative defense that Plaintiff knew the report alleged in numbered paragraph 7 of the Complaint, that he "told his managers and supervisors that they were violating employment law by not allowing employees, including Plaintiff a lunch break and other breaks when they were working eight (8) hour shifts" was false when made.

## TWENTIETH DEFENSE

28. SMS Defendants assert the affirmative defense that Plaintiff knew the report alleged in numbered paragraph 8 of the Complaint, that he "also reported to management that a supervisor was having sex with prostitutes in the company office and using drugs in the company office," was false when made.

## TWENTY-FIRST DEFENSE

29. SMS Defendants assert the affirmative defenses of no adverse employment action and that the termination of Plaintiff's employment would have occurred regardless of any protected activity.

## TWENTY-SECOND DEFENSE

30. Plaintiff reserves the right to assert or rely upon any other matter constituting an avoidance or affirmative defense as set forth in the Federal Rules of Civil Procedure 8(c) that is supported by information or facts obtained in discovery, at trial or by other means during this case, and expressly reserves the right to amend its answer to assert such additional affirmative defenses in the future.

WHEREFORE, SMS Defendants prays as follows:

A. That the Complaint against SMS Defendants be dismissed;

B. That Plaintiff be compelled to arbitrate his claims against SMS Defendants pursuant to the mandatory, binding Arbitration Agreement between Defendant Mydatt and Plaintiff accepted by the Plaintiff.

C. That SMS Defendants be awarded all of its costs and reasonable attorney's fees incurred herein; and

D.       That SMS Defendants be awarded such other and further relief that this Court deems just and proper.

Honolulu, Hawaiʻi; March ___, 2019.

_____
LISSA H. ANDREWS
FREDERICK W. ROHLFING III

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**