CASE LOMBARDI & PETTIT
A Law Corporation

LISSA A. ANDREWS              3390
FREDERICK W. ROHLFING III     3474
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No.:  (808) 547-5400
Facsimile No.:   (808) 523-1888
landrews@caselombardi.com
frohlfing@caselombardi.com

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STEPHEN BROOM,<br><br>　　　　　Plaintiff<br><br>　　vs.<br><br>MYDATT SERVICES, INC.; dba BLOCK BY BLOCK; SMS HOLDINGS COMPANY; BLOCK BY BLOCK, JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>　　　　　Defendants. | CIVIL NO. CV 18-00358 JMS-RT<br><br>**DEFENDANTS MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY, AND BLOCK BY BLOCK'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS OR, ALTERNATIVELY, TO STAY PROCEEDINGS PENDING ARBITRATION (ECF NO. [14]); CERTIFICATE OF SERVICE**<br><br>*[Caption Continued on Next Page]* |

**HEARING**:

Date: April 1, 2019
Time: 10:00 a.m.
Judge: The Honorable J. Michael Seabright

Trial Date: October 22, 2019

**DEFENDANTS MYDATT SERVICES, INC., DBA BLOCK BY BLOCK, SMS HOLDINGS COMPANY, AND BLOCK BY BLOCK'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS OR, ALTERNATIVELY, TO STAY PROCEEDINGS PENDING ARBITRATION (ECF NO. [14])**

Defendants MYDATT SERVICES, INC., dba BLOCK BY BLOCK ("Mydatt"), SMS HOLDINGS COMPANY ("SMS"), and BLOCK BY BLOCK (collectively, "SMS Defendants"), by and through their attorneys, Case Lombardi & Pettit, submit their Supplemental Memorandum in support of Defendants Mydatt Services, Inc., dba Block by Block, SMS Holdings Company, and Block by Block's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration (ECF No. [14]) ("Motion"). This Supplemental Memorandum is filed pursuant to the Court's Order ECF No. [24] ("Order re Briefing") stating in pertinent part that by March 25, 2019, "the parties may also file simultaneous supplemental memoranda,

limited to 10 pages or the equivalent word court under LR 7.5, addressing whether the terms of the applicable AAA rules are substantively unconscionable."

## I. INTRODUCTION

In the Order re Briefing, the Court gave the parties until March 25, 2109, "to supplement the record with evidence of the applicable AAA rules regarding a potential arbitration's costs and fees."[1] SMS Defendants have done so by filing on March 8, 2019 (ECF No. [23]), the "Declaration of Frederick W. Rohlfing III in Response to Order (ECF No. [22]) Directing Supplementation of the Record Regarding Defendants Mydatt Services, Inc., dba Block By Block, SMS Holdings Company, and Block By Block's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration (ECF No. [14])" ("Rohlfing Decl.") together with Exhibits 9 and 10.

Under the applicable AAA rules, the "Non-refundable filing fee" for Plaintiff Stephen Broom ("Plaintiff" or "Broom") is capped at $300, while SMS Defendants must pay a "Non-refundable filing fee" of $1,900 and a "Case Management Fee" of $750. With regard to arbitrator compensation,

---

[1] The Court also stated in pertinent part: "The parties are encouraged to meet and confer regarding the applicable rules and submit an agreed-upon version if possible. If there is a dispute as to which rules apply, both sides may submit evidence." Counsel for the parties did confer on March 12, 2019, and again on March 21, 2019, but were unable to reach an agreement as to the applicable rules.

SMS Defendants are obligated to pay the arbitrator's compensation. Moreover, arbitrator compensation, expenses, and administrative fees are not subject to reallocation by the arbitrator except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

The costs of the arbitration required by the Arbitration Agreement to which Plaintiff agreed therefore do not make the Arbitration Agreement unconscionable and the Arbitration Agreement is enforceable against Plaintiff.

## II.     ARGUMENT

The Court's Order (ECF No. [22]) ("Order re Supplementing Record") directed the parties in pertinent part "to supplement the record with the applicable AAA rules." The Court stated further:

> In this regard, the court has independently reviewed a version of AAA's Employment Arbitration Rules and Mediation Procedures and a "Costs of Arbitration" section (effective October 1, 2017) at www.adr.org, as well as an archived version of "Employment Arbitration Rules and Medication Procedures as of July 1, 2015" at that site. At the hearing, the parties should be prepared to discuss whether either of these versions are applicable to an arbitration agreement apparently entered into on September 28, 2015. If so, they should be prepared to discuss whether those terms regarding allocation of costs and fees for the arbitrator are substantively unconscionable.

Exhibit 9 is a print-out of the current American Arbitration Association Employment Arbitration Rules and Mediation Procedures available online at

"adr.org/employment."[2] These are the AAA's "applicable Rules" referred to in the Arbitration Agreement between Broom and the SMS Defendants (see Arbitration Agreement attached as Exhibit 6 to SMS Defendants' Reply Memorandum (ECF No. [20-3]). The Arbitration Agreement states further: "The AAA Rules will govern the allocation of costs between the parties and the course of the proceedings unless otherwise."

The current AAA Employment Arbitration Rules and Mediation Procedures and the AAA "Costs of Arbitration" section (Amended and Effective October 1, 2017) will apply to the arbitration between Broom and SMS Defendants because Rule 1 of the AAA Employment Arbitration Rules and Mediation Procedures states in pertinent part: "These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA."

Since Broom's demand for arbitration to AAA has yet to occur, when it does occur, the current AAA Employment Arbitration Rules and Mediation Procedures and the current AAA "Costs of Arbitration" section (Amended and Effective October 1, 2017) will apply because they will be "in effect at the time the demand for arbitration or submission is received by the AAA." See also *Collins v. Diamond Pet Food Processors of California, LLC*, No. 2:13-CV-00113-MCE, 2013

---

[2]  Rohlfing Decl., ¶ 3.

WL 1791926, at *6 (E.D. Cal. Apr. 26, 2013) ("[a]s to Plaintiffs['] argument that it is not clear from the arbitration agreement which version of the AAA rules apply, the AAA Employment Arbitration Rules also resolve this uncertainty by stating that "[t]hese rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA").

SMS Defendants anticipate that Broom will argue that the archived version ("Archived Version") of "Employment Arbitration Rules and Medication Procedures as of July 1, 2015" rather than the current AAA Employment Arbitration Rules and Mediation Procedures and the current AAA "Costs of Arbitration" section (Amended and Effective October 1, 2017) will apply to the arbitration between Broom and SMS Defendants because the Arbitration Agreement was entered into by Broom and SMS Defendants on September 28, 2015. For the reasons set forth above, Broom's argument is erroneous. Moreover, Rule 1 of the Archived Version also states: "These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA." Since Broom's demand for arbitration to AAA has yet to occur, when it does occur, the form of the AAA rules "in effect at the time the demand for arbitration or submission is received by the AAA" will be the current AAA Employment Arbitration Rules and Mediation

Procedures and the current AAA "Costs of Arbitration" section (Amended and Effective October 1, 2017).

Rule 43 of the AAA Employment Arbitration Rules and Mediation Procedures states in pertinent part: "AAA fees shall be paid in accordance with the Costs of Arbitration section. The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees."

Exhibit 10 is a print-out of the AAA "Costs of Arbitration" section referenced in Rules 43, 44, and 45 of the AAA Employment Arbitration Rules and Mediation Procedures also available online at "adr.org/employment."[3]

Under the "Costs of Arbitration" section for "Single Arbitrator Disputes" "Filed by Individual," the Individual's "Non-refundable filing fee" is "capped at **$300**, unless the clause provides the individual pay less" and the Company's "Non-refundable filing fee" is "**$1,900**" and "Case Management Fee" is "**$750**" (emphasis in original).

Under the section for "Arbitrator Compensation" in the "Costs of Arbitration," it states:

> Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. **The employer or company shall pay the arbitrator's compensation** unless the employee or individual,

---
[3] Rohlfing Decl., ¶ 6.

post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. **Arbitrator compensation, expenses as defined in section (v) above, and administrative fees are not subject to reallocation by the arbitrator**(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. [Emphasis added.]

Broom contends that "requiring him to share in the costs or arbitration, considering his financial situation, makes Defendant's Arbitration Agreement 'unconscionable' and unenforceable."[4] Broom states that he is currently "collecting worker's compensation benefits of $1,060.00 every two weeks."[5] Broom quotes the Arbitration Agreement provision stating: "The AAA Rules will govern the allocation of costs between the parties and the course of the proceedings unless otherwise agreed."[6] Broom then asserts in pertinent part that "AAA requires cost and fee splitting between the parties."[7]

As shown above, Broom's contention that the AAA requires cost and fee splitting between the parties is incorrect. Under the applicable AAA rules, the "Non-refundable filing fee" for Broom is capped at $300, while SMS Defendants

---

[4] Plaintiff Stephen Broom's Opposition to Defendants Mydatt Services, Inc., dba Block by Block, SMS Holdings Company, and Block by Block's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration (ECF [19]), p. 7.

[5] Broom Declaration at ¶ 4.

[6] *Id.*

[7] *Id.*

must pay a "Non-refundable filing fee" of $1,900 and a "Case Management Fee" of $750. With regard to arbitrator compensation, SMS Defendants are obligated to pay the arbitrator's compensation. Moreover, arbitrator compensation, expenses, and administrative fees are <u>not</u> subject to reallocation by the arbitrator except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. Unlike the circumstances described by the Hawaii Supreme Court in *Gabriel v. Island Pac. Acad., Inc.*, 140 Hawai`i 325, 400 P.3d 526, cert. dismissed, 138 S.Ct. 499, 199 L.Ed.2d 381 (2017) (in which the AAA Employment Arbitration Rules and Mediation Procedures did <u>not</u> apply), there is no cost-splitting provision in this case that would make it "prohibitively expensive" for Broom to pursue his claims in the arbitral forum. *Id.* at 337, 400 P.3d at 538. Moreover, "courts cannot apply even generally applicable defenses to contract enforceability, such as unconscionability, in a way that disfavors and undermines arbitration." *Collins*, 2013 WL 1791926, at *3, citing *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011).

The costs of the arbitration required by the Arbitration Agreement to which Broom agreed therefore do not make the Arbitration Agreement unconscionable and the Arbitration Agreement is enforceable against Plaintiff.

## III.   CONCLUSION

For the foregoing reasons, SMS Defendants respectfully request that the Court enter an order compelling arbitration of all of Broom's claims against SMS Defendants and to dismiss Broom's claims or, alternatively, to order the above-captioned case stayed pending arbitration.

DATED:    Honolulu, Hawai'i; March 25, 2019.

    /s/ *Frederick W. Rohlfing III*
LISSA H. ANDREWS
FREDERICK W. ROHLFING III

Attorneys for Defendants
**MYDATT SERVICES, INC., dba BLOCK BY BLOCK, SMS HOLDINGS COMPANY, and BLOCK BY BLOCK**